IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 04-2131-TUC-RCC (GEE) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| TANYA MARTINEZ, ) | |
| Defendant. ) | |

The district court referred this case to the magistrate for an evidentiary hearing on allegations the defendant violated conditions of her supervised release. The defendant and her attorney consented in writing to proceed before the magistrate and the evidentiary hearing was held on May 17, 2007. Upon consideration of the evidence presented and arguments of respective counsel, the magistrate recommends the district court, after its de novo review of the record, find the defendant has violated her conditions of supervised release.

## PROCEDURAL BACKGROUND/CURRENT ALLEGATION:

The defendant pled guilty to possessing marijuana with intent to distribute, and on January 19, 2006, was sentenced to four months of incarceration to be followed by three years of supervised release. She began her term of supervised release on May 26, 2006. On July 20, 2006, pursuant to the defendant's signed waiver and the court's order, her supervised release conditions were modified to require her participation in parenting education classes. On

October 24, 2006, again pursuant to the defendant's signed waiver and the court's order, her supervised release conditions were modified to require that she "actively participate in a residential program ...until discharged by the probation officer, but not to exceed six months without a court review."

The current violation petition alleges the defendant was unsuccessfully discharged from Behavioral Systems Southwest (BSSW), a residential treatment center, on February 27, 2007. after she failed to return to the facility as scheduled.

## EVIDENCE:

### *Gabriel Bland*

Bland is the assistant program director at BSSW. On February 26, 2007, the defendant was residing at BSSW and left at 8 a.m. for look for employment. As required by the facility the defendant completed a "movement plan" wherein she listed five places she planned to seek work. She was to return to BSSW by 4 p.m. Around noon she called to advise she was on her way to Savers, a place listed on her movement plan. Shortly after 4 p.m., " Corrales" a security officer at BSSW advised Bland that the defendant had not returned and that she had not contacted the facility since noon. Corrales called Savers and a Safeway store to determine if the defendant had actually made it to either of those places listed on her movement plan. Personnel at both places declined to provide any information citing privacy issues. Thereafter, Corrales called a list of facilities which must be called pursuant to BSSW's contract with the U.S. Probation Office whenever a resident is missing; these facilities include hospitals and Pima County Jail. Corrales called the defendant's mother at 17:35 hours and got no response. Corrales also called the defendant's cell phone and got a recording indicating the subscriber could not receive incoming calls; Bland testified this indicated either the phone was turned off or the message box was full. At 18:09 a head count was taken of BSSW and the defendant was not located. At 18:14 the defendant was placed on "absconder status" and her federal probation officer was notified.

On cross-examination Bland testified that BSSW personnel are instructed to accept no collect calls from residents. She also stated there have been occasions when a resident fails to return but is located either in custody or at a hospital; when that occurs they are placed on a "holding status" until the supervising officer in notified and a decision is made whether or not to discharge the resident.

### *Gina Enriquez*

Enriquez is the probation officer assigned to supervise the defendant. She testified regarding the defendant's sentencing and the conditions of supervised release imposed at sentencing and later. Pursuant to the defendant's waiver and the court's order, Martinez entered BSSW on November 9, 2006. On February 27, 2007, Patty Eglund, a caseworker at BSSW, notified Enriquez that the defendant had been discharged unsuccessfully because of her failure to return to the facility on the previous day. Enriquez heard nothing further from the defendant until March 5, 2007, when the defendant left a message. On March 7, 2007, Enriquez called the defendant's cell phone and Martinez advised she had been in custody until March 5th. The defendant advised she had met friends at a mall on February 26th and they were all arrested by a Tucson police officer for shoplifting, and taken to Pima County Jail. Martinez further advised her the shoplifting charge was dismissed on February 27th, but she was then taken to Santa Cruz County Jail because of an outstanding warrant.

Enriquez testified she later verified the defendant had pled guilty to shoplifting in Tucson City Court on February 27, 2007, and was then transferred to Santa Cruz County on an outstanding warrant. She was released from Santa Cruz County Jail on March 5th. Enriquez testified she heard nothing further from the defendant until she was notified of her arrest by the U.S. Marshal Service on March 22, 2007.

### *Tanya Martinez*

1    Defendant Martinez testified she left BSSW on February 26, 2007, to look for
2    employment. Using her prepaid cell phone she would call BSSW to advise she had
3    completed the application/interview at each place she had previously listed on her
4    "movement plan" and was proceeding to the next listed location. At some point during the
5    day she went to Tucson Mall (which, admittedly, was not listed on her movement plan) and
6    met friends at Dillard's where she was arrested, charged with shoplifting and taken to Pima
7    County Jail. Because her cell phone had been taken from her she called BSSW collect that
8    evening to advise of her whereabouts. The first collect call was not accepted at BSSW. On
9    her second attempt "Eddie", who she knew to be a staff member, accepted the collect call;
10   she explained her situation to "Eddie" who advised he would relay the information.

11   The following day, February 27th, she was transported to Santa Cruz County Jail where
12   she remained for eight (8) days. Upon her release from that facility on March 5th she went
13   home and called her U.S. Probation Officer; she did not speak with the USPO, but left a
14   message. Martinez then went to BSSW and was told she could no longer reside there. She
15   finally spoke with the Probation Officer on March 7th.

16   On cross-examination Martinez admitted she initially told the probation officer the
17   shoplifting charge had been dismissed, although she had, in fact, pled guilty to that charge.

18

19   **DISCUSSION:**

20   Defense counsel argues that Martinez's failure to return to BSSW on February 26th was
21   not willful; therefore, she should not have been discharged from the facility and should not
22   now be sanctioned for that discharge. Counsel cites no case law for the proposition that the
23   defendant's absence must have been willful.

24   Admittedly, this matter could be easily resolved if the U.S. Probation Officer had alleged
25   the shoplifting conviction as a separate grounds for violation. However, assuming arguendo
26   that "willfulness" is the test, this court finds defendant's argument unavailing. Although
27   defendant's failure to return to BSSW on the 26th may not have been purposeful, it certainly

28

resulted from her intentionally engaging in conduct which she could have reasonably foreseen could have resulted in her arrest and subsequent inability to return to BSSW in a timely manner. It should be noted that defendant admitted under oath that she had pled guilty to the shoplifting charge on February 27th, and the probation officer testified she had verified the conviction.

**RECOMMENDATION:**

In view of the foregoing, the magistrate recommends that the District Court, after its independent review of the record, find the defendant violated the conditions of supervised release as set forth in the petition. Any party may file and serve objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. If objections are filed, the parties should direct them to the district court **by omitting the magistrate's initials from the caption.**

This Report and Recommendation is being faxed to all counsel on today's date. The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel.

**It should also be noted that this matter is set for disposition before Judge Raner C. Collins on Monday, July 16, 2007 at 8:50 a.m.**

DATED this 7th day of June, 2007.

_Glenda E. Edmonds_
Glenda E. Edmonds
United States Magistrate Judge

- 5 -